OPINION OF THE COURT
Edward C. Alefana, J.
Defendants move for an order granting defendants leave to amend their answer to raise the affirmative defense of Statute of Frauds and for an order granting the defendants summary judgment and dismissing the complaint.
Plaintiff instituted this action to recover for rent due pursuant to a lease between plaintiff landlord and defendant tenant *748 and expenses incurred by tenants’ breach thereof. Defendant contends that since subject lease was not signed by the plaintiff although signed by the defendant, it is void and unenforceable pursuant to subdivision 1 of section 5-703 of the General Obligations Law which in pertinent part reads as follows: "An estate or interest in real property, other than a lease for a term not exceeding one year, or any trust or power, over or concerning real property, or in any manner relating thereto, cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent, thereunto authorized by writing.”
The court notes and the plaintiff concedes that the lease is not signed by the plaintiff and that the term of the lease is for a term exceeding one year. It is the view of this court, however, that there are elements and facts in the case at bar which shield this lease from the defense of the Statute of Frauds.
Sections 50 and 60 of the Code of the Rent Stabilization Association of New York City, Inc., required the plaintiff herein to offer a new lease to the defendant. Section 50 in pertinent part states: "No tenant, so long as he continues to pay the rent to which the owner is entitled, shall be denied a renewal lease as prescribed by this Code”.
Section 60 deals with notices for renewal lease in the following terms: "Every owner shall * * * offer to renew the lease at the stabilization rent permitted for such renewal lease”. In pursuance thereof plaintiff offered the lease in question to the defendants who signed it, returned it to the plaintiff and paid the rent thereunder for as long as they remained in possession. Defendants vacated the premises prior to the expiration of the term of the lease and plaintiff instituted suit to recover unpaid rent until the time of rerenting and for expenses in connection therewith.
The ultimate issue to be decided is whether the execution of the lease by the plaintiff landlord was absolutely necessary for the lease to be binding on both parties or whether under all the circumstances, the execution of the lease by the plaintiff landlord was in effect a ministerial act or ministerial duty and therefore plaintiff landlord’s failure to sign the lease in no way affected the mutuality and binding force of the lease.
A ministerial act is defined as one "which a person performs *749 in a given state of facts in a prescribed manner in obedience to the mandate of legal authority, without regard to or the exercise of his own judgment upon the propriety of the act being done.” (Black’s Law Dictionary [rev 4th ed].) A ministerial duty is defined as a: "simple and definite duty, imposed by law, and arising under conditions admitted or proved to exist”. (Black’s Law Dictionary [rev 4th ed].)
The court determines that since the Code of the Rent Stabilization Association of New York City, Inc., compelled the plaintiff landlord to offer the lease to the defendant tenant, once the lease was signed by the defendant tenant the signing of the lease by the plaintiff landlord became a mere ministerial act or duty. While the signing would have served to formalize the execution of the lease it in no way was required to give the lease legal effect.
Inasmuch as the essential terms of the lease and indeed its very issuance were mandated by law and were not within the prerogatives of the plaintiff landlord, the signing of the lease by defendant tenant and its return to the plaintiff landlord rendered the lease binding on both parties.
While it is clear that the plaintiff landlord should have executed said lease and returned same to the defendant tenant, the failure to do so, under these circumstances does not render the lease ineffectual.
The court therefore determines as a matter of law that under the circumstances of this case the defense of Statute of Frauds does not lie and denies that portion of the motion which seeks leave to amend the answer to assert the defense of Statute of Frauds and for summary judgment.
The portion of the motion which asserts the claim of lack of personal jurisdiction is ordered on the calendar of Special Term Part II of this court for traverse and final determination on May 1, 1980 at 11:00 a.m. at 141 Livingston Street, Brooklyn, New York, 11201, Room 501.